## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | Case No. 1:11-cv-20 |
| | Weber, J. |
| vs. | Litkovitz, M.J. |
| CONTENTS OF PNC BANK ACCOUNT<br>NO. XXX6926 IN THE NAME OF MON<br>AMOUR, INC., et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

This civil action comes before the court on the United States of America's Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2) against Nabih Shteiwi; Defendant 3, which is Five Thousand Three Hundred and Ninety-Five Dollars ($5,395.00) in United States Currency; and all other persons and entities who might have an interest in Defendant 3 for failure to file a claim and answer pursuant to 18 U.S.C. § 983(a)(4)(A) and (B) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and for a Decree of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and/or § 981(a)(1)(C), confirming in the United States all right, title, and interest in Defendant 3 and ordering the United States Department of Homeland Security to dispose of Defendant 3 in accordance with the law. (Doc. 27). As of this date, no response to the motion has been filed.

The Court recommends the motion be granted for the reasons that follow.

1. The United States of America commenced this civil action in rem pursuant to 18 U.S.C. § 981(a)(1)(A) and (a)(1)(C), and 7 U.S.C. § 2024(e). (Doc. 1).

2. The court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355, 7 U.S.C. § 2024(e), 18 U.S.C. § 981(a)(1)(A), and 18 U.S.C. § 981(a)(l)(C).

3. Defendant 3 property is described as Five Thousand Three Hundred and Ninety-Five

Dollars ($5,395.00) in United States Currency. On January 12, 2011, the United States Department of Homeland Security arrested Defendant 3 (Doc. 5), bringing Defendant 3 within the jurisdiction of the Court.

4. Direct Notice to all known interested parties has been provided under Rule G(5)(a)(ii)(B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). (Doc. 4).

5. On January 23, 2011, the United States published notice of the forfeiture on www.forfeiture.gov for at least thirty consecutive days. (Doc. 6).

6. On February 28, 2011, Nabih Shteiwi filed a claim to Defendant 3 (Doc. 8), but did not file an answer to the United States' Complaint for Forfeiture in Rem.

7. On January 14, 2013, the Court entered an Order granting the United States' Motion to Strike the Claim of Nabih Shteiwi pursuant to Rule G(8)(c) of the Supplemental Rules, for failure to comply with Supplemental Rule G(5) and for failure to establish statutory standing by not filing his Answer as required by Rule G(5) of the Supplemental Rules and 18 U.S.C. § 983(a)(4)(B). (Doc. 23).

8. The record reflects that after notice, there have been no other Claims, Answers, or other responsive pleadings filed in this matter with respect to Defendant 3 as required by Rule G(5) of the Supplemental Rules.

9. On January 31, 2013, the Clerk of this Court entered a default against Nabih Shteiwi; Defendant 3, which is Five Thousand Three Hundred and Ninety-Five Dollars ($5,395.00) in United States Currency; and all other persons and entities who might have an interest in Defendant 3 for failure to file a claim and answer pursuant to 18 U.S.C. § 983(a)(4)(A) and (B) and Rule G of the Supplemental Rules. (Doc. 25).

10. On February 1, 2013, the United States filed its motion for a Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2) and a Decree of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and/or § 981(a)(1)(C).

11. No memorandum in opposition to the motion has been timely filed.

12. Title 7 U.S.C. § 2024(e) provides for the forfeiture to the United States of "[a]ny nonfood items, moneys, negotiable instruments, securities, or other things of value that are furnished by any person in exchange for benefits, or anything else of value obtained by use of an access device, in any manner contrary to this chapter or the regulations issued under this chapter."

13. Title 18 U.S.C. § 981(a)(1)(C) provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a

2

conspiracy to commit such offense."

14. Based upon the facts and verification set forth in the Verified Complaint, it appears by a preponderance of the evidence that there was reasonable cause for the seizure of the Defendant 3 property and that there is cause to issue a forfeiture order under 18 U.S.C. § 981(a)(1)(A) and (a)(1)(C), and 7 U.S.C. § 2024(e).

15. Defendant 3 property constitutes money obtained by use of an access device in violation of 7 U.S.C. § 2024(b) (food stamp fraud); the defendant property was involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956(a)(1)(B)(I) (concealment money laundering) or represents property traceable to such property; and/or the defendant property constitutes or is derived from proceeds traceable to one or more violations of 7 U.S.C. § 2024(b) (food stamp fraud), 18 U.S.C. § 1029 (access device fraud), and/or 18 U.S.C. § 1343 (wire fraud) or a conspiracy to commit such offenses, and it is thus subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A), and (a)(1)(C) and 7 U.S.C. § 2024(e).

Accordingly, **IT IS RECOMMENDED**, in accordance with Fed. R. Civ. P. 55(b)(2), 18

U.S.C. § 983(a)(4)(A) and (B), and Rule G of the Supplemental Rules for Certain Admiralty and

Maritime Claims, a default judgment should be granted to the United States against Nabih

Shteiwi; Defendant 3, which is Five Thousand Three Hundred and Ninety-Five Dollars

($5,395.00) in United States Currency; and all other persons and entities who might have an

interest in Defendant 3 for failure to file a claim and answer.

It is further **RECOMMENDED** that the Court enter a Decree of Forfeiture, pursuant to

18 U.S.C. § 981(a)(1)(A) and/or § 981(a)(1)(C), confirming in the United States all right, title,

and interest in Defendant 3 and ordering the United States Department of Homeland Security to

dispose of Defendant 3 in accordance with the law.

Date: 3/13/13

Karen L. Litkovitz
United States Magistrate Judge

3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

UNITED STATES OF AMERICA,
      Plaintiff,

    vs.

CONTENTS OF PNC BANK ACCOUNT
NO. XXX6926 IN THE NAME OF MON
AMOUR, INC., et al.,
      Defendants.

Case No. 1:11-cv-20

Weber, J.
Litkovitz, M.J.

**NOTICE TO THE PARTIES REGARDING FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to these proposed findings and recommendations within **FOURTEEN DAYS** after being served with this Report and Recommendation ("R&R"). Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days (excluding intervening Saturdays, Sundays, and legal holidays) because this R&R is being served by mail. That period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. If the R&R is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

4

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Nabih Shteiwi
1332 Parkway Court
Fairfield, OH 45014

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☑ Agent
☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail     ☐ Express Mail
   ☐ Registered     ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
   (Transfer from service label)     7011 3500 0001 5345 5376

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540